PETER NELSON, Appellant, *v.* CHARLES LULING et al., Respondents.

Where, by reason of a failure to comply with the provisions of the act authorizing the organization of corporations for steam ocean navigation (chap. 228, Laws of 1852), an attempted organization does not become a corporation *de jure*, and cannot legally issue stock, the issue of such stock will not alone make the directors liable for a fraudulent conspiracy to issue worthless stock. Nor can an intent to deceive be inferred from this circumstance and the fact that the nominal is largely in excess of the actual capital.

Plaintiff subscribed for stock in the N. Y. and B. S. Co., paying half cash and half in a claim against an insolvent corporation. In an action against the directors of said company for fraud, plaintiff proved that some of the defendants told him when he was negotiating for the purchase, that the capital was all paid in. The capital was nominally paid in, but in pursuance of a prior arrangement was nearly all immediately returned to the parties paying it, on the transfer of three steamers, worth less than the amount of the capital, and subject to heavy liens which the company assumed. One of the defendants testified that when plaintiff bought the stock he knew about the organization — that witness explained the whole to him, and told him it did not give a working

capital.  Upon his cross-examination the witness stated that he thought he so informed plaintiff.  This testimony was not denied by plaintiff. *Held*, that plaintiff was properly nonsuited.

(Argued June 17, 1875; decided September 21, 1875.)

THIS action was brought against the defendants as incorporators and directors of a company formed pursuant to the general laws of the State of New York, for ocean steam navigation (Laws of 1852, chap. 228), under the name of "The New York and Bremen Steamship Company."  The complaint charged them, first, with fraudulently and corruptly combining to organize said company for the purpose of deceiving such of the public as might be induced to become stockholders therein ; and, secondly, with inducing, by false and fraudulent representations, the plaintiff to purchase twenty-seven shares of the capital stock of the par value of $100 each.

The evidence showed that the plaintiff was originally a stockholder and creditor of a steamship company called "The North American Lloyd," which owned three steamships, named Atlantic, Baltic and Western Metropolis, for which the sum of $965,000 had been paid, or secured to be paid. None of the defendants were stockholders in this company, except Calkins; but the Pacific Mail Steamship Company held a first purchase-money mortgage on the Atlantic and Baltic ; and the defendant Charles Luling, on behalf of his house here, and some of his correspondents abroad, was a large creditor, and, as such, held subordinate mortgages upon the three steamships.  In the fall, 1866, the company failed, with liabilities amounting to about $1,400,000, and Calkins was appointed receiver.  Among the said liabilities was one of $5,000 to the plaintiff, which was entirely unsecured.  Luling and the Pacific Mail Steamship Company then determined to foreclose their respective mortgages, in order to acquire a title.  This was accordingly done, and the three steamships were sold, and bought in by the defendant Taylor in their interest, and on their behalf.  Their further design in doing this was to form a new company, into which the said steamships were to be put, and the shares of which were to be

divided between Luling and the Pacific Mail Steamship Company in certain proportions, as provided for by a written agreement entered into for that purpose.

In pursuance of such agreement, the New York and Bremen Steamship Company was formed, with a capital stock of $1,000,000. This stock was subscribed for by seven persons, who met, executed, and on the 24th day of January, 1867, filed a certificate of incorporation as required by statute ; and the defendant Taylor was elected president and treasurer. To this company Taylor offered to sell the three steamships in question for $1,000,000, in cash, and the assumption by the company of the payment of the claims held by Luling and his correspondents against the North American Lloyd, and the steamer Western Metropolis, less $150,000, subscribed by Luling for himself and one Hanneman, for the stock of the new company. This offer was accepted by the board of directors of the company, and Taylor, as treasurer was directed to pay the said sum of $1,000,000 upon the receipt of a conveyance of the ships. The conveyance was made, and the manner in which the subscriptions were paid in, and the money paid over to Taylor, was as follows : The Pacific Mail Steamship Company gave its checks to the aggregate amount of $850,000. As each check was received it was deposited by Taylor in bank to the credit of the company, and thereupon a check for an equal amount was drawn by Taylor, as treasurer, to his own order, and that was indorsed and delivered by him to the Pacific Mail Steamship Company ; Luling handed to Taylor a check for $150,000, which was also deposited by Taylor in bank to the credit of the company ; and out of the proceeds of which $110,000 were paid to Duncan & Sherman in satisfaction of a mortgage held by them on the Western Metropolis, which, as between the company and himself, Luling was bound to satisfy. The remaining $40,000 were retained to work the line. It was also a part of the original arrangement under which the New York and Bremen Steamship Company was gotten up, that any creditors of the North American Lloyd who desired so to do, might acquire an interest in the new company by the purchase of stock at fifty cents on the

dollar, and the transfer of his claims. The plaintiff, as such a creditor, elected to avail himself of this provision to the extent of taking $2,700 worth of new stock.

On the 23d of March, 1867, a second certificate was filed. which had been executed by the defendant Taylor as president, and by the defendants Luling, Bellows and Calkins, as a majority of the trustees of the New York and Bremen Steamship Company, and which stated that the whole of the capital stock of said company had been paid in.

On the 31st of March, 1867, the company, in pursuance of the terms of its purchase, gave a mortgage to Charles Luling & Co. on the three steamships to secure the sum of $330,126.67, being the balance due to Luling and his correspondents from the North American Lloyd.

The New York and Bremen Steamship Company did not prosper, and it was, on the 27th of February, 1868, resolved to wind up its affairs. The steamships were sold, and the proceeds applied to the payment of the mortgage held by Luling, and all parties lost what they had put in.

Plaintiff showed that the first intimation of the formation of the new company which he received came from defendant Calkins, who informed the plaintiff that he (the plaintiff), could come in and convert his old claim into new stock by a payment of fifty cents on the dollar. The plaintiff inquired what Calkins thought about it, and the latter replied, "It is a good company; we have formed it; the capital is all paid in; you go to No. 40 Broadway to Isaac Taylor and get new stock for your old claims, and you will get the work of the new company. It is going to be the biggest company in New York."

Plaintiff thereupon did go to the place named, and there told Taylor what Calkins had said, and Taylor replied: "That is so; the capital stock is all paid in; every thing is all right, and we will go on swimmingly."

Taylor was called as a witness for the defence; his testimony was, in substance, that he told plaintiff all about the organization, explained it all to him, told him it gave no working capital, that he knew all about it as much as witness did. The plaintiff did not dispute this testimony.

At the close of the evidence, upon motion of defendants' counsel, the complaint was dismissed. *Held,* as above.

*Edward D. McCarthy* and *George W. Van Slyck* for the appellant.

*Samuel Hand* for the respondents.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.