Hyatt, J.
This action was brought to recover damages alleged to have been sustained by the plaintiffs by reason of the defendant having purchased goods from them, upon false and fraudulent representations made by the defendant to the plaintiffs
The alleged representations were that the defendant represented to the plaintiffs that the goods were purchased for one Thomas Gillen, who was pecuniarily responsible.
The defendant denies all the allegations of fraud.
The only contention presented is, did the plaintiffs upon the trial of the action establish the cause of action alleged in the •complaint.
This action was brought for fraud, and the plaintiff cannot recover unless he proves fraud.
It is elementary law that fraud consists in making some misrepresentation as to an existing fact, and that fraudulent representations require these elements; first, that the party to whom they are made relies upon the representations; second, that the statement is false ; third, that' the party making the statement knew it to be false at the time.
These elements are required to be unquestionably established, for the reason that the purpose of an action for fraud, is to imprison the defendant.
The learned counsel for the plaintiffs states in his brief that the sole question at issue was, whether the defendant represented himself as the agent of Gillen, and suggests that the trial judge decided the case upon a point not in issue.
*895 We think that in this view he is in error.
A careful examination of the evidence does not disclose that the defendant represented himself as- the agent of Gillen. We cannot find from the evidence that he ever represented himself to be the agent of Gillen.
Counsel for the plaintiffs in his brief states that the issue was not, whether the defendant was in fact agent for Gillen, but whether he represented himself to be such agent. If this is so, how can the latter representation constitute the issue in this action, the evidence adduced upon the trial established the fact that he purchased the property for his wife and not otherwise, which was known to the plaintiffs.
The testimony of Hatch does not establish that the defendant made any representations to procure credit from the plaintiffs.
Before the plaintiffs could recover they had to prove that the defendant misrepresented a fact to them at the time the goods were sold to defendant, and that such misrepresentation was made with intent to defraud; until that is established the plaintiffs cannot recover in this action. Morris v. Talcott, 96 N. Y., 100.
The questions excluded on the trial were properly so excluded.
The plaintiffs proved the power of attorney from Thomas Gillen to the defendant to carry on the business at Spring and Mott streets; such proof was only competent evidence to prove what business the defendant could carry on and do as the attorney of Thomas Gillen, and the time when, and place where he could so conduct the business.
Plaintiffs’ counsel urges that this power . of attorney was introduced as one step in proof of plaintiffs’ case as one of the attendant circumstances giving color to the plaintiff’s claim that representations of agency were made.
Such proof in the case at bar would have been absolutely incompetent.
Fraud will not be presumed, it must be affirmatively made out by evidence. Nelson v. Luling, 62 N. Y., 645.
Attendant circumstances giving color are insufficient; only circumstances tending to establish a probability of guilt of the accused are competent to maintain a cause of action based upon an alleged fraud. Morris v. Talcott, supra.
The complaint was properly .dismissed. The judgment must be affirmed with costs.
Hall, J., concurs.